FRANKLIN | SOTO LLP
Joshua D. Franklin (SBN 264536)
josh@franklinsoto.law
Cheryl Dunn Soto (SBN 250892)
cheryl@franklinsoto.law
445 Marine View Avenue, Suite 300
Del Mar, California 92014
Tel: 619.872.2520
Fax: 619.566.0221

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THE CROSBY ESTATE AT RANCHO SANTA FE MASTER ASSOCIATION,

Plaintiff,

v.

IRONSHORE SPECIALTY INSURANCE COMPANY,

Defendant.

Case No: 19-CV-02369-WQH-NLS

**NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

[Filed concurrently with Memorandum of Points and Authorities; Statement of Undisputed Material Facts; Declaration of Richard Salpietra; Appendix of Exhibits]

Judge: Hon. William Q. Hayes
Courtroom: 14B
Date: May 4, 2020

**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

PLEASE TAKE NOTICE that on May 4, 2020 in Courtroom 14B of the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, California 92101, Plaintiff The Crosby Estate at Rancho Santa Fe Master Association ("The Crosby") will and hereby does move the Court for an order granting partial summary judgment in favor of The Crosby as to its First Claim for Relief for Breach of Contract (Defense Costs), its Third Claim for Relief for Breach of Contract (Unauthorized Retention), and its Fifth Claim for Relief for Declaratory Judgment. Pursuant to Local Rule 7.1(d)(1), the Court may decide the Motion without oral argument.

As set forth in the accompanying Memorandum of Points and Authorities in Support of Plaintiff's Motion for Partial Summary Judgment, the undisputed material facts establish The Crosby is entitled to judgment as a matter of law as to these three claims for relief. Despite The Crosby immediately tendering the defense of a lawsuit filed against it to Defendant Ironshore Specialty Insurance Company ("Ironshore") on June 4, 2018, pursuant to the terms of Ironshore's policy and within the policy period, Ironshore (1) mispresented that it had no duty to defend under the policy; (2) denied coverage on two occasions; (3) failed to defend the lawsuit before a responsive pleading was due; and (4) failed to pay any defense costs until more than a year after The Crosby's tender. These acts and omissions breached Ironshore's duty to defend. *See Certain Underwriters at Lloyd's of London v. Superior Court*, 24 Cal. 4th 945, 958 (2001) (noting duty to defend "entails the rendering of a service, viz., the mounting and funding of a defense . . . ." (quoting *Aerojet–General Corp. v. Transport Indemnity Co.*, 17 Cal.4th 38, 58 (1997)); *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 295 (1993) ("Imposition of an immediate duty to defend is necessary to afford the insured what it is entitled to: the full protection of a defense on its behalf."); *Shade Foods, Inc. v. Innovative Prods. Sales & Marketing, Inc.*, 78 Cal. App. 4th 847, 881 (2000) (noting "a belated offer to pay the costs of

defense may mitigate damages but will not cure the initial breach of duty" to defend).

In addition, Ironshore erroneously required The Crosby to satisfy a $50,000 retention as a condition of Ironshore's duty to defend. While the policy does require exhaustion of a retention before Ironshore must reimburse or advance an insured's cost of defense – a separate and distinct coverage obligation – it is silent as to whether the retention applies where, as here, an insured tenders the defense of a claim and Ironshore has a duty to defend. Under applicable California law, because the policy does not clearly advise that the duty to defend is conditioned on The Crosby's satisfaction of a retention, Ironshore owed a first-dollar defense. *See Legacy Vulcan Corp. v. Superior Court*, 185 Cal. App. 4th 677, 696 (2010) ("[I]n the absence of clear policy language so providing, to require the exhaustion of a self-insured retention before an insurer will have a duty to defend would be contrary to the reasonable expectations of the insured to be provided an immediate defense in connection with its primary coverage.").

Accordingly, the Court should rule as a matter of law that Ironshore also breached the policy, after it belatedly purported to accept coverage, by requiring satisfaction of a retention despite The Crosby having tendered the defense of the lawsuit to Ironshore. And the Court should grant partial summary judgment as to The Crosby's request for declaratory relief and declare that the policy does not require satisfaction of a retention as a condition of Ironshore's duty to defend.

//

//

//

//

//

//

This Motion is based upon this Notice and Motion, the accompanying Memorandum of Points and Authorities, Statement of Undisputed Material Facts, and supporting Declaration of Richard Salpietra, any Reply filed in support of this Motion, and upon such other evidence as may be received by the Court.

Dated: March 30, 2020

Respectfully submitted,

FRANKLIN | SOTO LLP

*/s/ Joshua D. Franklin*

Joshua D. Franklin
Email: josh@franklinsoto.law
Cheryl Dunn Soto
Email: cheryl@franklinsoto.law

*Attorneys for Plaintiff The Crosby Estate at Rancho Santa Fe Master Association*