FRANKLIN | SOTO LLP
Joshua D. Franklin (SBN 264536)
josh@franklinsoto.law
Cheryl Dunn Soto (SBN 250892)
cheryl@franklinsoto.law
445 Marine View Avenue, Suite 300
Del Mar, California 92014
Tel: 619.872.2520
Fax: 619.566.0221
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CROSBY ESTATE AT RANCHO SANTA FE MASTER ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>IRONSHORE SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | Case No: 19-CV-02369-WQH-NLS<br><br>**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge: Hon. William Q. Hayes<br>Courtroom: 14B<br>Date: May 4, 2020<br><br>[Filed concurrently with Notice of Motion for Partial Summary Judgment; Memorandum of Points and Authorities; Declaration of Richard Salpietra; Appendix of Exhibits]<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1.f.1, Plaintiff The Crosby Estate at Rancho Santa Fe Master Association ("The Crosby") hereby submits the following Separate Statement of Undisputed Material Facts in Support of The Crosby's Motion for Partial Summary Judgment.

| UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
| --- | --- |
| 1. Defendant Ironshore Specialty Insurance Company ("Ironshore") issued Policy Number 00208480 – a Not-For-Profit Entity and Directors, Officers Liability Insurance Policy covering Policy Period July 2, 2017 – July 2, 2018 and providing a $1,000,000.00 limit of liability (the "Policy") to The Crosby. | Declaration of Richard Salpietra ("Salpietra Decl."), ¶ 2 and **Exhibit 1**. |
| 2. Insuring Section I(C) of the Policy provides: "The **Insurer** shall pay on behalf of the **Not-For-Profit Entity** all **Loss** which the **Not-For-Profit Entity** shall be legally obligated to pay as a result of a **Claim** (including an **Employment Practices Claim**) first made against the **Not-For-Profit Entity** during the **Policy Period** or the Discovery Period for a **Wrongful Act**, and reported to the **Insurer** pursuant to Section VII." | Salpietra Decl., **Ex. 1**, at p. 008. |

| | |
|---|---|
| 3. The Policy defines "**Claim**" in relevant part as "a civil, criminal, governmental, regulatory, administrative, or arbitration proceeding made against any **Insured** seeking monetary or non-monetary relief and commenced by the service of a complaint or similar pleading . . . ." | Salpietra Decl., **Ex. 1**, at § II(B), p. 009. |
| 4. The Policy defines "**Wrongful Act**" in relevant part as "any actual or alleged act, omission, error, misstatement, misleading statement, neglect or breach of duty . . . by the **Not-For-Profit Entity**." | Salpietra Decl., **Ex. 1**, at § II(X), p. 012. |
| 5. Item 4 of the Policy's Declarations Page indicates the Retention for a "**Claim** other than an **Employment Practices Claim**" is $50,000. | Salpietra Decl., **Ex. 1**, at p. 003. |
| 6. Section V of the Policy provides, in part: "The Retention stated in Item 4 of the Declarations shall apply to all covered **Loss**, including **Costs of Defense**." | Salpietra Decl., **Ex. 1**, at § V, p. 015. |

| | |
|---|---|
| 7. Section VI(C) of the Policy provides, in part: "The **Insured**, and not the **Insurer**, have the duty to defend all claims, provided that the **Insured** shall only retain counsel as is mutually agreed upon with the **Insurer**. The **Not-For-Profit Entity** may at its option tender to the **Insurer** the defense of a **Claim**. Such a tender of the defense of a **Claim** shall not be made more than 90 days following notice of the **Claim** pursuant to Section VII. Upon such a tender of the defense of a **Claim**, the **Insurer** shall assume the duty to defend." | Salpietra Decl., **Ex. 1**, at § VI(C), p. 016. |
| 8. Section VI(F) of the Policy provides, in part: "The **Insurer** shall advance **Costs of Defense** prior to the final disposition of any **Claim**, provided such **Claim** is covered by this Policy. Any advancement shall be on the condition that: (1) the appropriate Retention has been satisfied, provided, however, this condition shall not | Salpietra Decl., **Ex. 1**, at § VI(F), p. 016. |

| | |
|---|---|
| apply in the event of the **Financial Insolvency** of the **Not-For-Profit Entity**;<br>. . .<br>. . ." | |
| 9. The Policy does not contain any language conditioning the Not-For-Profit Entity's right to tender defense of a Claim to Ironshore on satisfaction of the Retention. | *See generally* Salpietra Decl., **Ex. 1**. |
| 10. On May 25, 2018, Avaron Community Association ("Avaron") filed a complaint against The Crosby and AMS Paving, Inc. in an action styled *Avaron Community Association v. The Crosby Estate at Rancho Santa Fe Master Association, et al*. and assigned San Diego County Superior Court Case Number 37-2018-00026012-CU-BC-NC (the "Avaron Lawsuit"). | Salpietra Decl., ¶ 3 & **Exhibit 2**. |

| | |
|---|---|
| 11. The Avaron Lawsuit alleged, among other things, that The Crosby (1) planned to remove speed bumps on Avaron's property without approval, which removal would allow The Crosby's residents to speed through the area, in turn endangering the health, welfare, and safety of Avaron's residents; and (2) instigated and caused the creation of "Operation Honk," an alleged coordinated effort through which residents of The Crosby repeatedly honked their car horns when they passed over speed bumps located on Avaron's property, infringing on Avaron's residents' quiet use and enjoyment of their property. | Salpietra Decl., ¶ 3 & **Ex. 2** at p. 005. |
| 12. The Avaron Lawsuit asserted causes of action against The Crosby for, among other things, Intentional Tort, Breach of Contract, Nuisance, and Destruction of Property. | Salpietra Decl., ¶ 3 & **Ex. 2** at p. 003. |
| 13. The Avaron Lawsuit sought compensatory damages, punitive damages, and injunctive relief. | Salpietra Decl., ¶ 3 & **Ex. 2** at p. 003. |

| | |
|---|---|
| 14. Avaron also filed an *ex parte* application for an injunction and the matter was initially scheduled for a hearing on June 7, 2018. | Salpietra Decl., ¶ 4. |
| 15. On June 4, 2018, before the Avaron Lawsuit was served, The Crosby tendered the Lawsuit to Ironshore through its third-party claim administrator, York Pro, Inc. | Salpietra Decl., ¶ 5. |
| 16. In an email dated June 4, 2018, which attached the Avaron Lawsuit, The Crosby's counsel stated, in part: "Pursuant to the terms of its policy, The Crosby hereby tenders its defense to its insurance carriers, and request that counsel be appointed within a reasonable time so that the proper responsive pleading may be filed within the time allowed by the Code of Civil Procedure. It is our understanding that a TRO in this matter is scheduled for Thursday, June 7, 2018. The Board will have the firm of Procopio, Hargreaves & Savitch LLP represent it at the | Salpietra Decl., ¶ 5 & **Exhibit 3** at 001. |

| | |
|---|---|
| TRO hearing if a defense attorney is not appointed in time." | |
| 17. The Crosby was served with Avaron's *ex parte* application on June 6, 2018. | Salpietra Decl., ¶ 6. |
| 18. At the time The Crosby was served with Avaron's *ex parte* application, it understood the matter was scheduled for a hearing on June 7, 2018. | Salpietra Decl. ¶ 6. |
| 19. Ironshore first responded to The Crosby's tender on July 9, 2018 and notified The Crosby that it had assigned Ashley Grater to handle the Claim. | Salpietra Decl., ¶ 7 & **Exhibit 4.** |
| 20. In an email dated July 9, 2018, Ms. Grater responded to an inquiry from Mr. Salpietra regarding the status of Ironshore's coverage evaluation and stated, in part: "We hope to have coverage determined by the end of this week. <u>Under the Policy, Ironshore does not have a duty to defend and the Insured has a retention</u>. As such, the Insured can continue to use its counsel of choice pending review by Ironshore." | Salpietra Decl., ¶ 8 & **Exhibit 5** (emphasis added). |

| | |
|---|---|
| 21. On July 11, 2018, The Crosby executed a Notice and Acknowledgment of Receipt with respect to the Summons and Complaint for the Avaron Lawsuit. | Salpietra Decl., ¶ 9 & **Exhibit 6**. |
| 22. Upon executing the Notice and Acknowledgment of Receipt for the Avaron Lawsuit, The Crosby understood that a responsive pleading would be due on August 10, 2018. | Sapietra Decl. ¶ 10. |
| 23. On July 13, 2018, Ironshore denied coverage of the Avaron Lawsuit, citing the Policy's exclusions for breach of contract (Exclusion N) and damage to or destruction of property (Exclusion D). | Salpietra Decl., ¶ 11 & **Exhibit 7** at pp. 002-003. |
| 24. On July 24, 2018, Ironshore responded to counsel for The Crosby's request for reconsideration and denied coverage of the Avaron Lawsuit again, this time citing the Policy's exclusion for Pollution, among others. | Salpietra Decl., ¶ 13 & **Exhibit 8** at pp. 004-005. |
| 25. On August 20, 2018, Ironshore reversed its coverage position and agreed to provide a defense to the Avaron Lawsuit. In a letter from its coverage, Tracy Lewis, Ironshore advised that "as a courtesy to Crosby, Liberty hereby agrees to provide a | Salpietra Decl., ¶ 14 & **Exhibit 9** at p. 002. |

| | |
|---|---|
| defense to the Lawsuit without prejudice to Liberty's rights under the Policy." | |
| 26. On September 18, 2018, Avaron filed a first amended complaint that, among other things, supplemented Avaron's nuisance allegations by alleging The Crosby's residents engaged in "organized efforts to intentionally disturb, harass and annoy the Avaron members and residents, including but not limited to throwing food and trash from their cars." | Salpietra Decl., ¶ 15 and **Exhibit 10** at ¶ 24, p. 007. |
| 27. Ironshore never offered to assign counsel to defend the Avaron Lawsuit. | Salpietra Decl., ¶ 16. |
| 28. Ironshore did not pay for any of The Crosby's defense costs incurred in connection with the Avaron Lawsuit until July 30, 2019, at which time Ironshore reimbursed a portion of The Crosby's defense costs at significantly reduced rates, not the actual rates paid by The Crosby. | Salpietra Decl., ¶ 17. |
| 29. Ironshore has not reimbursed all defense costs incurred by The Crosby in defending the Avaron Lawsuit. | Salpietra Decl., ¶ 19. |

| | |
|---|---|
| 30. In August 2019, The Crosby entered into an agreement to settle the Avaron Lawsuit and Ironshore declined The Crosby's request to contribute toward the settlement. | Salpietra Decl., ¶ 18. |

Dated: March 30, 2020

Respectfully submitted,

FRANKLIN | SOTO LLP

*/s/ Joshua D. Franklin*

Joshua D. Franklin
Email: josh@franklinsoto.law
Cheryl Dunn Soto
Email: cheryl@franklinsoto.law

*Attorneys for Plaintiff The Crosby Estate at Rancho Santa Fe Master Association*